IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RESERVE PLACE, LLC,**
a Florida limited liability company,
and **RESERVE ACQUISITION GROUP,**
**LLC,** a Florida limited liability company,

**Plaintiffs,**

vs.   CASE NO. 3:10-cv-364/RS-MD

**REGIONS BANK,** an Alabama
corporation.

    **Defendant.**
_____/

## ORDER

Before me is Defendant's Motion for Dismissal and For Recovery of Costs and Stay of Proceedings (Doc. 10) and Memorandum in Support (Doc. 11), and Plaintiff's Memorandum in Opposition (Doc. 19).

### Background

Plaintiffs filed this eight-count complaint against Defendant Regions Bank in September 2010. Previously, Plaintiffs and Defendant were parties to an action in the Circuit Court of the First Judicial Circuit for Santa Rosa County, Florida, number 2009-CA-002097. That state court case contained an eleven-count third-party amended complaint by which Plaintiffs brought suit against Defendant for essentially the same cause of action. All eight counts represented in this case (Doc. 1), were included, with substantially similar text, in the Plaintiff's state court First Amended Complaint (Doc. 11,

attach. 4). The state court action was voluntarily dismissed by Plaintiffs without prejudice (Doc. 11, attach. 5), before this case was commenced.

## Analysis

"If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action." Fed. R. Civ. P. 41(d).

There is no dispute that the same parties were involved in the previous litigation in Florida's First Judicial Circuit. And, having reviewed both Plaintiff's state court First Amended Complaint (Doc. 11, attach. 4) and the instant Complaint (Doc. 1), I find that the same claims are in dispute. Plaintiff does not take issue with this assessment, by agreeing to pay costs of $203.41, but not attorneys' fees (Doc. 19, p.6).

The only real question here is not whether Rule 41(d) is applicable, but rather what is covered by the Rule's allowance for costs. "The costs available under Rule 41(d) have generally been held to include attorney's fees." 8-41 MOORE'S FEDERAL PRACTICE - CIVIL § 41.70 (2010). While the Eleventh Circuit Court of Appeals has not directly addressed the issue, district courts in our Circuit have allowed for the payment of attorneys' fees. *See Wolf v. Pac. Nat'l Bank, N.A.*, 2010 U.S. Dist. LEXIS 36180 (S.D. Fla. 2010) (ordering attorneys' to be paid as "an element of cost under Rule 41(d)"); *Groom v. Bank of Am.*, 2010 U.S. Dist. LEXIS 16082 (M.D. Fla. 2010) (agreeing with magistrate that "attorneys' fees are taxable as a 'cost' under Rule 41(d)"); *Cadle Co. v. Beury*, 242 F.R.D. 695, 698 (S.D. Ga. 2007) ("Rule 41(d) gives the Court discretion to grant attorney's fees, as it may deem proper."); *Id.* ("To interpret 'costs' in Rule 41(d) to

exclude attorney's fees would render that Rule a dead letter, eliminating any deterrence it would provide.").

Plaintiff contends that if attorneys' fees are allowed, bad faith is a necessary element. While some courts have reached this conclusion, others have not. *Compare Groom v. Bank of Am.*, 2010 U.S. Dist. LEXIS 15746 (M.D. Fla. 2010) ("A showing of bad faith is not required to recover costs under the rule."), *adopted*, 2010 U.S. Dist. LEXIS 16082, *with Shaker Vill. Condo. Ass'n v. Certain Underwriters at Lloyd's, London*, 2009 U.S. Dist. LEXIS 16483 (S.D. Fla. 2009) (noting payment reserved only for "vexatious and repetitive litigation and where the plaintiff has refiled the same previously dismissed suit in bad faith").

The most reasoned approach is that a showing of bad faith is not necessary, but is just one factor the court may consider in determining the amount of costs to award. In addition, several other factors must be considered in determining the appropriate amount of fees to award. Those factors include: (1) the costs incurred by the moving party on dispositive motions; (2) the preclusive effect of the moving party's successes in state court, if any, on matters both dispositive and non-dispositive, that may have been eliminated by the non-moving party's non-suit; and (3) the expense of relitigating issues that might be mitigated by recyclable legal work from the original case in state court. *Wolf*, 2010 U.S. Dist. LEXIS 36202.

**IT IS ORDERD:**

1. The Motion for Recovery of Costs (Doc. 10) is **GRANTED**. The amount of costs will be determined by separate Order.

2. This case is **stayed**, until such costs are determined and paid.

3. Defendant shall file a memorandum, with supporting documentation, addressing the factors set forth in *Wolf, supra,* to determine the appropriate amount of costs to award not later than December 8, 2010.

4. Plaintiffs shall file a responsive memorandum not later than December 22, 2010.

**ORDERED** on November 23, 2010

        /S/ Richard Smoak
        **RICHARD SMOAK**
        **UNITED STATES DISTRICT JUDGE**